# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Case No:     3:19cr34/MCR/MAL
                                                                                                                                3:22cv1990/MCR/MAL

JAYSTON DARNELL FAILS,

    Defendant.
_____/

## ORDER

The Magistrate Judge has issued a Report and Recommendation, recommending the denial of Defendant Jayston Darnell Fails's Motion to Vacate under 28 U.S.C. § 2255. ECF No. 94. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Fails has filed timely objections, which the undersigned has considered on *de novo* review. *See* ECF No. 99.

Two objections warrant brief comment. First, Fails argues that an evidentiary hearing was required on his claim that counsel was ineffective in failing to file a pretrial motion to suppress material seized from a vehicle he occupied prior to his arrest. In light of the record showing that Fails fled on foot from the vehicle and from law enforcement, counsel reasonably could have decided not to file a motion to suppress. The undersigned agrees with the Magistrate Judge that an

evidentiary hearing was not necessary, and a certificate of appealability is not justified.

In his second objection, Fails argues that counsel was ineffective for failing to present witnesses to testify that a firearm Fails was holding in a music video that was admitted under Rule 404(b) was merely a prop, not a real firearm. Fails argues the Magistrate Judge erred in not concluding that this testimony would have had a pervasive effect on the inferences the jury could have drawn from the evidence. The undersigned disagrees. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Magistrate Judge correctly applied this standard, and the undersigned agrees that even assuming counsel was deficient for not calling the witnesses at trial, the testimony would not have reasonably undermined confidence in the outcome given the substantial evidence of guilt, including that a real, loaded firearm was found in the vehicle from which Fails fled, and he took responsibility for possessing it. The objection, and all remaining objections, are overruled on *de novo* review. The Report and Recommendation is adopted.

Case Nos.: 3:17cr39/MCR/MAL; 3:20cv5424/MCR/MAL

Accordingly, it is now **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, ECF No. 94, is adopted and incorporated by reference in this Order.

2. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 80, is **DENIED;** and

3. A certificate of appealability is **DENIED**, and the Clerk is directed to close the file.

**DONE and ORDERED** this 31st day of March 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case Nos.: 3:17cr39/MCR/MAL; 3:20cv5424/MCR/MAL